Travis C. HARPER,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE,
Respondent/Appellant.

No. 74364.

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Clement E. Burns, Jr., Clayton, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

The Director of Revenue (Director) appeals the trial court's judgment reinstating driving privileges for Travis C. Harper (Driver). We reverse and remand.

On 27 September 1997 a Creve Couer police officer stopped Driver at a sobriety checkpoint. When the officer approached Driver, the officer smelled a strong odor of alcohol on Driver's breath. Driver stated he had been drinking. Driver failed to adequately perform on the field sobriety tests administered by the officer; thus, indicating Driver was intoxicated.

The officer arrested Driver and took him to the police station. Driver consented to a breath test. The test results indicated Driver's blood alcohol content was .147%. Pursuant to this test, Director suspended Driver's driving privileges for driving while intoxicated under Section 302.505 RSMo (1994). Driver petitioned for a trial de novo in Saint Louis County Associate Circuit Court.

The trial de novo was held on 6 April 1998. At that time, Director attempted to introduce Exhibit C [1] and Exhibit B. [2] Driver objected and the trial court set aside Driver's suspension because the certificate of analysis for the simulator solution did not comply with the Department of Health's regulation. Director appeals.

On appeal, Director alleges the trial court erred in finding that Driver did not have a blood alcohol concentration of at least .10% because the certificate of analysis and maintenance report were valid under 19 CSR 25–30.051 in that the Director was required to prove only that a solution certified by the supplier was used to calibrate the breath analyzer. Alternatively, Director states the certificate and maintenance report were valid because: (1) the certificate stated the solution's supplier, its lot number, its ethanol concentration, and its expiration date; (2) a copy of the certificate was attached to the maintenance report, which identified the solution's supplier, and the maintenance officer

---

1. Exhibit C consisted of the breathalyzer maintenance report, attached printout, certificate of analysis, and the Type II permit.

2. Exhibit B, *inter alia,* consisted of the breathalyzer checklist and the breath test printout.

testified to the solution's lot number, ethanol in vapor concentration, and expiration date; and (3) the certificate certified an ethanol concentration within the range of values provided in the rule.

The trial court refused to admit into evidence the breath test results and maintenance report because it found that the certificate of analysis for the simulator solution used to calibrate the breath analyzer did not comply with the Department of Health's rule, 19 CSR 25–30.051 in that it did not mimic the language of the regulation. This issue was reviewed and ruled on and handed down just prior to oral argument. *See Selix v. Director of Revenue*, 985 S.W.2d 380 (Mo.App. E.D. 1999) and *Meurer v. Director of Revenue*, 984 S.W.2d 873 (Mo.App. E.D.1999). Said opinions discussed the issues herein and after analyzing the Department of Health's Rule, 19CSR25–30.051, concluded that the certificate of analysis conformed with the regulation and the Director laid a proper foundation for the admission of the breath test result. A lengthy opinion reiterating the rationale in the previous cited cases is not necessary. Point one affirmed.

The second point relied on concerns the arresting officer's probable cause to stop Driver. This issue is now moot as the parties stipulated the officer had sufficient probable cause.

Accordingly, we reverse and remand for the trial court to enter judgment sustaining the order of the Director suspending driver's driving privileges.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.